J-S31019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSUE PICHALDO, | : | |
| | : | |
| Appellant | : | No. 1676 EDA 2013 |

Appeal from the Judgment of Sentence Entered May 7, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0006994-2011.


BEFORE:  BOWES, SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 31, 2014**

Appellant, Josue Pichaldo, appeals from the judgment of sentence

entered May 7, 2013, following his conviction of possession of a controlled

substance, possession with intent to deliver a controlled substance ("PWID"),

possession of drug paraphernalia, and conspiracy.  We affirm.

The trial court summarized the facts of the case as follows:

> On March 29, 2011, at approximately 6:30 p.m., [O]fficers
> [Richard] Woertz and Myers[1] conducted surveillance on the
> 3400 block of G Street in Philadelphia to investigate alleged
> illegal narcotics activity.  Officer Woertz testified that shortly
> after commencing the surveillance, Appellant, Josue Pichaldo,
> exited the residence under surveillance, 3437 G Street,
> approached a red and white SUV parked near the property,
> engaged the driver in conversation and proceeded to pass an
> unidentified object to the driver.  In return, the driver handed

---

[1] Officer Myers's first name is not identified in the certified record.

Appellant a white bag which Appellant placed under his shirt and returned to the property.

[That same day,] [t]he officers then met with a confidential informant (CI) whom they searched and confirmed he had nothing in his possession. Officer Woertz supplied the CI with $300 prerecorded buy money and sent him to the 3400 block of G Street while the officers conducted surveillance. Officer Woertz observed Appellant approach the CI and the CI handed Appellant the $300 of prerecorded buy money. Appellant then handed the CI a rectangular object wrapped in newspaper. The CI returned to the officers and at which time the officers opened the package and found 10 bundles of alleged heroin totaling 140 packets. The packets were stamped with "Viagra." The contents of the packets tested positive for heroin . . . totaling . . . 2.148 grams.

The following day, March 30, 2011, Officers Woertz and Myers again conducted a surveillance of the property 3437 G Street. At approximately 2:30 p.m., Appellant and Gabriel Martinez[2] exited the property, walked over to a black Chrysler 300M taxi and drove to the intersection of Rising Sun Avenue and Tiber Street. There, Appellant and Mr. Martinez exited the vehicle and walked west on Tiber Street until they approached a middle-aged Hispanic male. Appellant engaged the individual in conversation and preceded to hand the individual an unknown amount of money. The male, in return, handed Appellant an object and Appellant and Mr. Martinez returned to the black taxi and began driving away. Officers Woertz and Myers stopped the taxi near the intersection of F and Tioga Streets. As they approached the vehicle, the officers witnessed Appellant remove an object from his pocket and place it under his right leg. Appellant was removed from the vehicle and the officers found a 4x6 clear sandwich bag containing a substance later tested to be heroin totaling 9.233 grams in weight.

The officers obtained a search warrant and executed a search of 3437 G Street at approximately 6:30 p.m. on March 30, 2011. Inside the residence, the officers recovered a DirecTV bill in the name of Mr. Martinez located in the dining room on the

---

[2] Martinez was Appellant's co-defendant at trial.

ground floor with numerous premium channel purchases throughout the month of March 2011. Additionally in the basement, the officers recovered 5 bundles of heroin totaling 70 packets, a grinder with residue, a strainer with residue, a toothbrush with residue, a straw with residue, numerous new and used packages, a stamp pad with the stamp "Viagra," a stapler, a scale, and numerous rubber bands. These were all located in an exposed hole in the wall approximately eight inches in circumference in the back of [the] basement located above a dresser. The basement is only accessible from inside the residence.

Trial Court Opinion, 8/7/13, at 2–3.

Appellant was charged with possession of a controlled substance, PWID, possession of drug paraphernalia, and conspiracy. Following a bench trial on February 12, 2013, the trial court found Appellant guilty of all charges. N.T., 2/12/13, at 57–58. On May 7, 2013, the trial court sentenced Appellant to five to ten years of imprisonment for conspiracy and a concurrent term of five to ten years of imprisonment for PWID.[3] N.T., 5/7/13, at 4–6. Appellant filed a timely appeal on June 5, 2013.

On June 18, 2013, the trial court ordered Appellant to file, within twenty-one days or by July 9, 2013, a concise statement of errors complained of on appeal. Appellant filed an untimely Rule 1925(b) statement on July 15, 2013. Statement of Errors Complained of on Appeal, 7/15/13, at 1. Nevertheless, the trial court accepted Appellant's statement,

_____

[3] The trial court found that possession of a controlled substance merged with PWID for the purposes of sentencing. Order, 5/7/13, at 1. Additionally, no further penalty was imposed for possession of drug paraphernalia. *Id*.

and on August 7, 2013, the trial court issued its opinion pursuant to Pa.R.A.P. 1925(a).

Preliminarily, we address the late filing of the Rule 1925(b) statement. As noted previously, the trial court ordered the statement's filing within twenty-one days of June 5, 2013, or by July 9, 2013, but it was not filed until July 15, 2013. This Court repeatedly has held that the failure to file a Rule 1925 statement constitutes *per se* ineffective assistance of counsel. *See*, *e.g.*, *Commonwealth v. McBride*, 957 A.2d 752 (Pa. Super. 2008) (failure of defense counsel to file concise statement of errors complained of on appeal constituted *per se* ineffectiveness); *Commonwealth v. Scott*, 952 A.2d 1190 (Pa. Super. 2008) (counsel's failure to file concise statement is *per se* ineffectiveness). We have reached the same result when presented with an untimely filing. *Commonwealth v. Thompson*, 39 A.3d 335 (Pa. Super. 2012); *Commonwealth v. Burton*, 973 A.2d 428 (Pa. Super. 2009). When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues, however, we need not remand and may address the merits of the issues. *Thompson*, 39 A.3d at 340.

In the present case, in its August 7, 2013 opinion, the trial court addressed the issue outlined in the late Rule 1925(b) statement, which stated as follows: "The evidence was insufficient to convict [Appellant] of Possession with Intent to Distribute. Particularly, the Commonwealth failed

to create a nexus between Appellant PICHALDO and the heroin and paraphernalia found at 3437 G Street in Philadelphia." Statement of Errors Complained of on Appeal, 7/15/13, at 1. Thus, we need not remand pursuant to Pa.R.A.P. 1925(c)(3), and we will consider the issue. **See Thompson**, 39 A.3d at 340 ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues[,] we need not remand and may address the merits of the issues presented.").

Appellant presents the following single, generic issue on appeal: "Was the evidence sufficient to convict Appellant Josue Pichaldo?" Appellant's Brief at 3 (full capitalization omitted). In the argument section of his brief, Appellant narrows the issue and asserts that there is insufficient evidence to find him guilty of PWID. **Id**. at 9–10.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to prove every element of the offense beyond a reasonable doubt. **Commonwealth v. James**, 46 A.3d 776 (Pa. Super. 2012). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. **Commonwealth v. Cousar**, 928 A.2d 1025 (Pa. 2007); **Commonwealth v. Moreno**, 14 A.3d 133 (Pa. Super. 2011). The

Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Hansley*, 24 A.3d 410 (Pa. Super. 2011). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Ratsamy*, 934 A.2d 1233 (Pa. 2007); *Commonwealth v. Brown*, 23 A.3d 544 (Pa. Super. 2011). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so inconclusive that as a matter of law no probability of fact may be drawn from the circumstances. *Moreno*, 14 A.3d at 133.

In order to sustain a conviction for PWID, the Commonwealth must establish possession of a controlled substance and intent to deliver it. 35 P.S. § 780-113(a)(3); *Commonwealth v. Estepp*, 17 A.3d 939, 944 (Pa. Super. 2011). If the contraband is not found on the defendant, the Commonwealth must prove he had constructive possession of it. *Estepp*, 17 A.3d at 944.

> The existence of constructive possession of a controlled substance is demonstrated by the ability to exercise a conscious dominion over the illegal substance: the power to control the illegal substance and the intent to exercise that control. An intent to maintain a conscious dominion may be inferred from the totality of the circumstances. Thus, circumstantial evidence may be used to establish constructive possession of the illegal substance. Additionally, our Court has recognized that constructive possession may be found in one or more actors

where the item in issue is in an area of joint control and equal access.

***Commonwealth v. Johnson***, 26 A.3d 381, 1093–1094 (Pa. 2011) (internal quotation marks and citations omitted). The court may consider factors such as the quantity of the controlled substance, the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash found in possession of the defendant when determining whether a defendant intended to deliver a controlled substance. ***Ratsamy***, 934 A.2d at 1237–1238.

We note initially that we could find this issue waived. Other than citing case law defining constructive possession, Appellant fails to develop the issue in any meaningful way in the argument section of his brief. ***See Commonwealth v. Palo***, 24 A.3d 1050, 1058 (Pa. Super. 2011) (waiving the appellant's claim for "failure to develop argument or cite to any legal authority in support of his position"); Pa.R.A.P. 2119. Appellant's one page argument presents only bald, conclusory, unsupported claims that lack citation to the record and pertinent law. Nevertheless, we address the issue.

Appellant posits that he was not in constructive possession of the heroin found at 3437 G Street or in the vehicle. Our review of the record compels the contrary conclusion.

At trial, the Commonwealth presented the testimony of Officer Woertz, who provided evidence in support of Appellant's conviction, as follows. On

May 29, 2011, Officer Woertz set up surveillance outside of 3437 G Street, where he observed Appellant engage in a transaction with the driver of a vehicle parked nearby. N.T., 2/12/13, at 9–10. The driver gave Appellant a white bag, which he placed under his shirt, and Appellant subsequently entered the property of 3437 G Street. *Id*. Later that day, Officer Woertz provided a confidential informant ("CI") with pre-recorded buy money, and Officer Woertz observed the CI purchase 140 packets of heroin from Appellant; the packets were stamped "Viagra." *Id*. at 11–13.

On May 30, 2011, Officers Woertz and Meyers witnessed Appellant and Martinez leave the property at 3437 G Street and lock the door. N.T., 2/12/13, at 15. They then entered a black taxi, which they exited at Tiber Street, whereupon Appellant and Martinez met a middle-aged Hispanic male. *Id*. at 15–16. Appellant gave money to the unidentified male in exchange for an object. *Id*. Appellant and Martinez returned to the taxi, which the officers approached when it stopped at F and Tioga Streets. *Id*. at 16.

The officers asked Appellant to exit the vehicle, and recovered approximately nine grams of heroin, which they recovered from the seat where Appellant was sitting. N.T., 2/12/13, at 16. Appellant and Martinez were arrested, and two keys for 3437 G Street were found on Martinez. *Id*. After he was arrested, Appellant told Officer Woertz that 3437 G Street was his address. *Id*. at 47. The officers subsequently executed a search warrant

for 3437 G Street at 6:30 p.m. on May 30, 2011, and recovered a DirecTV bill in the name of Martinez, seventy stamped "Viagra" packets of heroin, a "Viagra" stamp pad, and other drug paraphernalia. *Id*. at 19–20.

The record compels the conclusion that the Commonwealth presented sufficient evidence to enable the trial court, as the fact-finder, to determine that each element of PWID was proven beyond a reasonable doubt. Appellant was seen entering and exiting 3437 G Street over the two-day investigation. N.T., 2/12/13, at 10, 15. He told Officer Woertz that 3437 G Street was his address. *Id*. at 47. The packaging of the heroin that Appellant sold to the CI matched the paraphernalia found at 3437 G Street. *Id*. at 13, 19. Based on Appellant's presence at 3437 G Street, the identical packaging materials recovered from the residence, and Appellant's behavior with Martinez, it is clear that the Commonwealth presented sufficient evidence to establish that Appellant was in constructive possession of the heroin found at 3437 G Street. *Id*. at 10, 13, 15, 16, 19.

Moreover, there is also sufficient evidence to prove Appellant was in constructive possession of the 9.223 grams of heroin found in the vehicle. After the officers observed Appellant give the unknown Hispanic male money in exchange for an object, they saw Appellant remove an object from his pocket and place it under his right leg on the seat of the car. N.T., 2/12/13, at 16. The circumstances of the transaction and the location of the heroin

on the seat demonstrated that Appellant was in constructive possession of the heroin found in the vehicle.

In addition to proving constructive possession of the heroin found at 3437 G Street and in the vehicle, the Commonwealth established Appellant's intent to deliver the heroin. The quantity of heroin recovered, the way the heroin was packaged, and the presence of the stamp pad and other drug paraphernalia found at 3437 G Street supported Appellant's intent to deliver heroin found at 3437 G Street and in the vehicle. *Ratsamy*, 934 A.2d at 1237–1238. This evidence, viewed in the light most favorable to the Commonwealth, while circumstantial, established that Appellant was in constructive possession of the heroin and intended to deliver it.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2014